UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

CERTAIN LLOYDS UNDERWRITERS

     Plaintiff,

CASE NO.

vs.

JEFFREY HERMAN

     Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the plaintiff, CERTAIN LLOYDS UNDERWRITERS ("Plaintiff"), by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

1.     This is an action in Admiralty for a declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.     Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant Jeffrey Herman (hereafter "HERMAN") at 18205 Biscayne Blvd, #228, Miami, Florida 33131, within the Southern District of Florida.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 2201, United States Constitution Art. III, § 2, 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h).

4.      Plaintiff CERTAIN LLOYDS UNDERWRITERS AND VARIOUS UNDERWRITERS AT LLOYDS, severally[1] but not jointly, provided marine insurance under policy of insurance No. OSPYP/137645 and cover note B0702RP9076302, and, contingently cover note B085612L1172, are all insurance underwriters or individual syndicates at Lloyds of London in the City of London, United Kingdom.  Copies of the Cover Notes are attached hereto as Exhibit A.  The lead underwriter on cover note B0702RP9076302 is Syndicate #2003, Catlin Underwriting Agencies, Ltd. and the following underwriters on that cover note are: Atrium Underwriters, Ltd. (Syndicate #609), Brit Syndicates, Ltd. (Syndicate #2987), Ace Underwriting Agencies, Ltd. (Syndicate 2488), Watkins Syndicate (Syndicate #457), Liberty Syndicate Management, Ltd. (Syndicate 4472), Aspen Managing Agency, Ltd. (Syndicate 4711), Talbot Underwriting, Ltd. (Syndicate 1183), AEGIS Managing Agency, Ltd. (Syndicate 1225) and Markel Syndicate Management, Ltd. (Syndicate 3000); the lead underwriter on Section B coverage, i.e. coverage in excess of $1,000,000 under cover note B085612L1172 is Syndicate 1225, Aegis Managing Agency Limited with the following underwriters, Syndicate 4472, Liberty Syndicate Management Limited and Syndicate 2001, Amlin Underwriting Limited, and the following underwriters are also identified on Exhibit A.

5.      Upon information and belief, the Defendant HERMAN is a Florida resident residing at 17730 Wagon Wheel Dr. Boca Raton, Florida 33496.

---

[1] See policy at § 9 General Conditions, paragraph Z. See Exhibit D, Policy Schedule policy OSPYP /137645 and policy wording.

## FACTUAL ALLEGATIONS

6.      On or about July 22, 2009 the Defendant HERMAN submitted to Plaintiff's underwriting manager, Osprey Special Risks, Ltd., an application seeking insurance coverage for a 2001 63 ft Hatteras Motor Yacht bearing ID # HATGP301B101.

7.      A true and correct copy of the said application submitted to Plaintiff by the Defendant HERMAN, is attached hereto as Exhibit "B".

8.      On the basis of and in reliance upon the material information disclosed in the application for marine insurance, the Plaintiff agreed to issue a policy of marine insurance affording hull & machinery, and third party liability coverage for the one (1) year period from June 2009 through June 2010 (i.e. the "initial policy") in the amount of $890,000,00 on the motor yacht's hull and $5,000,000 for the third party liability coverage.

9.      On or about August 31, 2012, the Defendant HERMAN submitted to Plaintiff's underwriting manager an application seeking a renewal of the insurance coverage for the motor yacht.

10.     A true and correct copy of the said renewal application documents is attached hereto as composite Exhibit "C".

11.     On the basis of and in reliance upon the material information disclosed in the original application for marine insurance and in the renewal application, the Plaintiffs agreed to renew the policy marine insurance with various coverages for the one (1) year period from June 25, 2012 through June 25, 2013 in the amount of $890,000,00 on the hull and for $5,000,000 for third party liability coverage on the vessel.

12.    HERMAN has advised that an accident occurred during the policy renewal period and that a third party is seeking damages from Herman as a result thereof. A third party allegedly fell on the motor yacht.

13.    Upon receipt of the first notice of loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the placement of the insurance and the injury to the third party.

14.    The said investigation undertaken by the Plaintiff established that on the original application and on the renewal applications for marine insurance, the Defendant HERMAN had misrepresented and/or failed to disclose material facts including, the intended and actual use of the vessel.

15.    The investigation has revealed that the vessel was sometimes commercially chartered and this fact was not disclosed and in fact mispresented to the Plaintiff. The commercial charter of said vessel is also a breach of the policy's private pleasure warranty.

### FIRST CAUSE OF ACTION
(Breach of duty of *uberrimae fidei*)

Plaintiff repeats and re-alleges each and every allegation set forth in Paragraph 1 through 15 as if set forth fully herein.

16.    Defendant HERMAN submitted an application to plaintiff to obtain marine insurance

-4-

17.    The Defendant HERMAN breached the duty of *uberrimae fidei* by misrepresenting or by failing to disclose facts and/or circumstances which were material to the Plaintiff's decision to accept and/or to continue the risk of insuring the motor yacht by failing to disclosure that the vessel would be Chartered and was being chartered for commercial use.

18.    The motor yacht application, Exhibit B, contains the following pertinent cautionary language conspicuously placed above the application signature line:

> PLEASE READ BEFORE SIGNING APPLICATION
>
> 1.  This application will be incorporated on its entirety into any relevant policy of insurance where insurers have relied upon the information contained therein.
> 2.  Any misrepresentation in this application for insurance will render insurance coverage null and void from inception. Please therefore check to make sure that all question have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to the application.
>     ...

19.    The renewal questionnaire, Exhibit C contains the following pertinent language:

> …
>
> Any misrepresentation in this application for renewal of insurance will render insurance coverage null and void from inception. Please therefore check to make sure that all question have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to the application.

20.    The Defendant misrepresented and/or failed to disclose the material facts pertaining to the Defendant HERMAN's history of intended use and accordingly breached his duty of *uberrimae fidei* to the plaintiffs as set forth below. Had Plaintiff known of Defendant's

intention to charter the vessel the plaintiffs would either not have undertaken the risk or would have charged different premium.

21.    In response to a question on the initial application the defendant denied that the vessel was chartered to others with a captain, or without captain (i.e. bare boat chartered), the Defendant's initial application stated and represented, that there were no paid crew and he denied that the vessel was used commercially or for business purposes.

22.    The Defendant has, during the policy period, employed his motor yacht in Charter use for profit. Defendant, through Kerrigan and Kerrigan's corporate instrumentality or instrumentalities, has contracted with Tropical Charters, a Florida corporation, and authorized Tropical Charters to market the vessel for Charter use. Defendant authorized Kerrigan, a named operator on the policy of insurance, to serve as vessel captain when the motor yacht was chartered. Defendant has testified to chartering the motor-yacht "a couple of times" between 2009 and February 6, 2013.

23.    Defendant was aware that Kerrigan utilized crewmembers that worked for Kerrigan during charters.

24.    Defendant HERMAN utilized a corporate instrumentality he formed in April 2012, Herman Asset Group LLC, a Florida limited liability company, of which he was the sole managing member, to manage this vessel.

25.    Defendant owed Plaintiff the utmost good faith, *uberrimae fidei,* to be truthful in the application and renewal process, especially about the chartering of the vessel. Pursuant to the firmly-entrenched General Maritime Law of the United States and this circuit, defendant had an

affirmative obligation of utmost good faith and fair dealing (known as *uberrimae fidei)* to voluntarily, truthfully and fully disclose all material facts to plaintiff when applying for marine insurance on the vessel. See e.g., *HIH Marine, Inc v Fraser*, 211 F. 3d 1359 (11th Cir. 2000); *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F. 2d 689 (11th Cir.1984). Defendant's misrepresentations of fact, under the facts and circumstances described herein, presents a real and justiciable issue with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide,* actual and present dispute exists calling for this Court's declaratory judgment that the policy should declared void *ab initio*[2].

## SECOND CAUSE OF ACTION
(Breach of private pleasure warranty)

Plaintiff re-alleges Paragraph 1 through 25 as if fully set forth herein.

26.    Plaintiff's issued a policy of marine insurance which, by its terms prohibited the chartering of the vessel. The policy (at ¶9 "General Conditions and warranties") contained the promise that the vessel would only be used for private and pleasure purposes and not for charter hire, or other commercial activity.

> 9. <u>General Condition & Warranties</u>
>
> ...
>
> a)    It is warranted that the Schedule Vessel shall be used solely for private and pleasure purposes, and will not be used for Charter, hire lease or any other commercial activity.
>
> c)    This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this

---

[2] A full refund of the premium will be made to Mr. Herman when the court confirms that the policy is void *ab intio.*

> insuring agreement may be varied by us but only by our prior written agreement.
>
> m)   This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.
>
> t)   Where any term herein is referred to as a "warranty" or where any reference is made herein to the word "warranted", the term shall be deemed a warranty and regardless of whether the same expressly provides that any such breach will void this policy from inception.

27.   Defendant breached the warranty of private pleasure non-commercial use by chartering the vessel.

28.   Had the Plaintiff known of the Defendant's intentions to charter the vessel, the Plaintiffs would either not have undertaken the risk or would have changed different premium.

29.   Plaintiff seeks this Court's declaratory judgment regarding the voiding of coverage for defendant's breach of the private pleasure warranty.  Until such time as the Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

**WHEREFORE**, Plaintiff demands Judgment from the Court

A)   for rescission and a declaration that the relationship of insurer and insured does not exist between Plaintiff and Defendant; and

B) a declaration that defendant's misrepresentation of and/or failure to disclose facts material to the Plaintiff's acceptance or continuance of the risk voids the Plaintiff's Policy No. OSPYP/127720 *ab initio* and allows the plaintiff to rescind the said policy;

C) and such other and further relief as the court deems just and appropriate under the circumstances.

Dated this 14 day of February, 2014.

RESPECTFULLY SUBMITTED,

**McALPIN CONROY, P.A.**
*Attorneys for Plaintiff*
80 SW 8th Street, Suite 2805
Miami, Florida 33130
Telephone: 305-810-5400
Facsimile: 305-810-5401

By:

RICHARD McALPIN
Florida Bar No.: 438420
RMcalpin@mcalpinconroy.com
MICHAEL E. CONROY
Florida Bar No.: 845434
MConroy@Mcalpinconroy.com